IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CENTURY SURETY COMPANY     :       CIVIL ACTION
                       :
        v.               :
                       :
ENNIE, INC. d/b/a SAM'S BEER      :
DISTRIBUTOR, ET AL.           :       NO. 06-5281

MEMORANDUM

**Padova, J.**                                                       **July 6, 2007**

Plaintiff, Century Surety Company ("Century"), brought this action for declaratory judgment

seeking a declaration that Century Commercial Lines Policy No. CCP395158 does not obligate it

to defend or indemnify Defendant Ennie, Inc. d/b/a Sam's Beer Distributor ("Ennie") against claims

made against Ennie in a lawsuit brought by Defendant James S. Easter, Jr., individually and as the

Administrator of the Estate of Jessica Lynne Easter ("Easter") against Ennie and Stephen L. Meloni

("Meloni").[1]  Presently before the Court is Century's Motion for Summary Judgment.  For the

reasons that follow, Plaintiff's Motion is granted.

I.      BACKGROUND

        A.      The Easter Complaint

On October 25, 2006, Easter filed a complaint in the Court of Common Pleas of Philadelphia

County against Ennie and Meloni in the action captioned James S. Easter, Jr., individually and as

Administrator of the Estate of Jessica Lynne Easter v. Ennie, Inc. d/b/a Sam's Beer Distributor and

Steven L. Meloni, filed in the Philadelphia County Court of Common Pleas, October Term, 2006

No. 003439 (the "Easter Complaint").  The Easter Complaint alleges the following facts.  On March

---

[1]Meloni is also a Defendant in this lawsuit.  He has not answered the Complaint.  A default
was entered against him on the docket on January 17, 2007.  Century has not yet moved for default
judgment against Meloni.

23, 2006, Meloni, age nineteen, drove Gary Grato, Jr. ("Grato), age nineteen, to Sam's Beer Distributor so that Grato could purchase beer to share with Meloni and other individuals, all of whom were under the age of twenty-one. (Pl. Ex. E. ¶ 12.)  On March 23, 2006, Sam's Beer Distributor sold malt or brewed beverages ("beer") to Grato in violation of Pennsylvania law. (Id. ¶ 13.)  Sam's Beer Distributor did not require proof of age from Grato before selling him beer in violation of Pennsylvania law. (Id. ¶ 14.)  Sam's Beer Distributor sold beer to Grato under circumstances in which it was likely that the beer would ultimately be ingested by other minors, like Meloni. (Id. ¶ 15.)  Sam's Beer Distributor violated Pennsylvania law by selling beer directly and indirectly to minors and under circumstances in which it was likely that the beer would be furnished to minors. (Id. ¶ 17.)  The beer which was sold by Sam's Beer Distributor to Grato was provided to and consumed by Meloni on March 23 and  into the early morning hours of March 24, 2006. (Id. ¶¶ 18-19.)  Meloni became intoxicated after consuming the beer purchased by Grato from Sam's Beer Distributor. (Id. ¶ 19.)  After he became intoxicated, Meloni operated a motor vehicle in which Jessica Lynne Easter was a passenger in a careless and negligent manner, causing the death of Jessica Lynne Easter. (Id.)

Count I of the Easter Complaint asserts negligence claims against Ennie, seeking to recover for bodily injury caused by the furnishing of alcoholic beverages by Ennie to a minor; permitting others to furnish alcoholic beverages to a minor; failing to take steps to determine whether Grato was an adult of lawful age to be served alcoholic beverages; failing to conform to the requirements of Pennsylvania law and regulations regarding obtaining proof of age from Grato; negligence per se and/or strict liability for violations of Pennsylvania Crimes Code and Pennsylvania Liquor Code, including the provisions regarding the sale, supply and furnishing of alcoholic beverages to minors;

violating the Pennsylvania Criminal Code by furnishing alcoholic beverages to a minor; violation

of statutes giving rise to civil liability; respondeat superior; failing to perform adequate and necessary

investigations to determine whether alcoholic beverages were being provided, supplied or sold to

minors; failing to properly instruct employees that minors should not be sold, supplied or provided

with alcoholic beverages; failing to instruct employees as to the need for proof of age for anyone

attempting to purchase alcoholic beverages; failing to take any steps to protect plaintiff's decedent

from the foreseeable acts resulting from the sale of alcoholic beverages to the minor Grato; and

"performing such other acts or making such other omissions constituting carelessness and negligence

as shall become evident during the course of discovery and trial." (Count I).  (Id. ¶ 23.)  The Easter

Complaint also seeks an award of punitive damages against Ennie (Count II) and asserts wrongful

death (Count IV) and survival act (Count V) claims against Ennie, all arising from Ennie's sale of

beer to Grato.  (Id. ¶¶ 26-33.)  Century is defending Ennie in the Easter lawsuit subject to a

reservation of rights.  (Compl. Ex. C.)

Century issued Commercial Lines Policy No. CCP395158 (the "Policy") to Ennie, with a

policy period from December 9, 2005 to December 9, 2006.  (Pl. Ex. D.)  The Policy provides

commercial general liability coverage and commercial property coverage to Ennie.  (Id.)  The Policy

provides coverage for bodily injury and property damage liability as follows:

> We will pay those sums that the insured becomes legally obligated to
> pay as damages because of "bodily injury" and "property damage" to
> which this insurance applies.  We will have the right and duty to
> defend the insured against any "suit" seeking those damages.
> However, we will have no duty to defend the insured against any
> "suit" seeking damages for "bodily injury" or "property damage" to
> which this insurance does not apply."

(Id. at CENTURY00075.)

Century contends that it is not obligated under the Policy to defend or indemnify Ennie with regard to the claims asserted in the Easter Complaint because those claims arise from the sale of alcoholic beverages to minors and, thus, are excluded by the clear and unambiguous liquor liability exclusion.  That exclusion is contained in a "Special Exclusions and Limitations Endorsement" which deletes the Policy's exclusion for liquor liability and replaces it with the following exclusion of liability:

> **c.      Liquor Liability**
>
> "Bodily injury" or "property damage" for which any insured may be held liable by reason of:
>
> a. Causing or contributing to the intoxication of any person;
>
> b. Furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or
>
> c. Violation of any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.
>
> We have neither a duty to defend nor a duty to indemnify any insured if any proximate or contributing cause of an occurrence arises out of any "bodily injury" or "property damage" above.  This exclusion applies to all insureds regardless of whether you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.  There is no duty to defend any aspect of the claim or "suit" and this insurance does not apply.

(Id. at CENTURY00076, CENTURY00079.)

II.     LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P.

56(c). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U . S. 242, 248 (1986).  A factual dispute is "material" if it might affect the outcome of the case under governing law.  Id.

A party seeking summary judgment always bears the initial responsibility for informing the district court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Where the non-moving party bears the burden of proof on a particular issue at trial, the movant's initial Celotex burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case."  Id. at 325.  After the moving party has met its initial burden, "the adverse party's response, by affidavits or otherwise as provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  That is, summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex, 477 U.S. at 322. "Speculation, conclusory allegations, and mere denials are insufficient to raise genuine issues of material fact."  Boykins v. Lucent Technologies, Inc., 78 F. Supp. 2d 402, 407 (E.D. Pa. 2000). Indeed, evidence introduced to defeat or support a motion for summary judgment must be capable of being admissible at trial.  Callahan v. AEV, Inc., 182 F.3d 237, 252 n.11 (3d Cir. 1999) (citing Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co., 998 F.2d 1224, 1234 n.9 (3d Cir. 1993)).

III.   DISCUSSION

Under Pennsylvania law, an insurer's duty to defend an action is measured, in the first

instance, by the allegations in the underlying complaint.[2] Gene's Restaurant, Inc. v. Nationwide Ins. Co., 548 A.2d 246 (Pa. 1988). The duty to defend,

> "is fixed solely by the allegations in the underlying complaint. It is not the actual details of the injury, but the nature of the claim which determines whether the insurer is required to defend. The duty to defend is limited to only those claims covered by the policy. The insurer is obligated to defend if the factual allegations of the complaint on its face comprehend an injury which is actually or potentially within the scope of the policy."

Old Guard Ins. Co. v. Sherman, 866 A.2d 412, 416-417 (Pa. Super. Ct. 2004) (quoting Erie Ins. Exchange v. Muff, 851 A.2d 919, 925 (Pa. Super. Ct. 2004)) (emphasis in Old Guard). The Easter Complaint seeks to recover compensatory and punitive damages against Ennie for bodily injury and wrongful death caused by the furnishing of alcoholic beverages by Ennie to a minor in violation of Pennsylvania law. (Pl. Ex. E ¶¶ 23, 33.) Century argues that it is entitled to the entry of summary judgment in its favor because the Policy contains a clear and unambiguous exclusion of liability which applies to the claims brought against Ennie in the Easter lawsuit.

A.      The Policy Exclusion

To determine if the claims brought against Ennie in the Easter lawsuit are excluded from coverage under the Policy, we must first ascertain the scope of the Policy. Atlantic Mut. Ins. Co. v. Nicoletti Beer Distributors, Civ. A. No. 94-3699, 1995 WL 639823, at *3 (E.D. Pa. Oct. 30, 1995). The Pennsylvania Supreme Court has summarized the principles to be used in interpreting

---

[2]This is a diversity action. None of the parties disputes that Pennsylvania law applies to this action. The Policy was entered into in Pennsylvania, Ennie is a Pennsylvania corporation, and the actions underlying the Easter Complaint's claims against Ennie all occurred in Pennsylvania. "Under these circumstances, Pennsylvania choice of law principles direct us to apply Pennsylvania law to the issues in question." Atlantic Mut. Ins. Co. v. Nicoletti Beer Distributors, Civ. A. No. 94-3699, 1995 WL 639823, at *3 (E.D. Pa. Oct. 30, 1995) (citing American Contract Bridge League v. Nationwide Mutual Fire Ins., 752 F.2d 71 (3d Cir. 1985)).

the provisions of an insurance policy as follows:

> The task of interpreting [an insurance] contract is generally performed by a court rather than by a jury. The goal of that task is, of course, to ascertain the intent of the parties as manifested by the language of the written instrument. Where a provision of a policy is ambiguous, the policy provision is to be construed in favor of the insured and against the insurer, the drafter of the agreement. Where, however, the language of the contract is clear and unambiguous, a court is required to give effect to that language.

Madison Const. Co. v. Harleysville Mut. Ins. Co., 735 A.2d 100, 106 (Pa. 1999) (quoting Gene & Harvey Builders v. Pennsylvania Mfrs. Ass'n, 517 A.2d 910, 913 (Pa. 1986)); see also Standard Venetian Blind Co. v. American Empire Ins. Co., 469 A.2d 563, 566 (Pa. 1983) (same).

Plaintiff argues that the liquor liability exclusion is clear and unambiguous and should be construed to exclude coverage in this case.  We agree that the language of the liquor liability exclusion is clear and unambiguous and that this exclusion clearly and unambiguously excludes coverage for bodily injury for which Ennie "may be held liable by reason of . . . furnishing of alcoholic beverages to a person under the legal drinking age . . . ; or . . . violation of any statute, ordinance or regulation relating to the sale . . . of alcoholic beverages."   (Pl. Ex. D at CENTURY00069.) See Atlantic Mut. Ins. Co., 1995 WL 639823, at *3 (finding that the language of a nearly identical liquor liability exclusion was clear and unambiguous and noting that the Pennsylvania courts have found nearly identical liquor liability exclusions to be clear and unambiguous (citing Britamco Underwriters v. Grzeskiewicz, 639 A.2d 1208, 1212 (Pa. Super. 1994) and  United States Fidelity and Guaranty v. Griggs, 491 A.2d 267, 269 (Pa. Super. 1985))). As the Easter Complaint alleges claims against Ennie arising solely out of Ennie's sale of beer to a minor,  Grato, in violation of Pennsylvania law, we find that the Policy clearly and unambiguously excludes coverage for those claims. See Hamburg v. 14,000 Siblings, Inc., Civ.A.No. 97-7951, 1998

WL 559783, at *2 (E.D. Pa. Aug. 28, 1998) (interpreting a liquor liability exclusion identical to the

exclusion in the Policy and finding that, "[i]f the . . . claims arise solely out of selling or serving of

alcohol, the claims are not potentially within the scope of the policy and the duty to defend is not

occasioned").

Ennie maintains that there is a genuine issue of material fact that must be resolved by the jury

regarding whether the Policy's classification of Ennie as a beverage distributor modified the Policy

to provide liquor liability coverage for Ennie.[3]  The classification describes Ennie as "Beverage

Distributors - nonalcoholic & beer" and modifies that portion of the Policy titled "Section I -

Coverages, Coverage A. Bodily Injury and Property Damage Liability" of the Policy.  (Pl. Ex. D at

CENTURY00074.)  This modification limits Century's obligation to pay "those sums that the

insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property

damage'" (id. at CENTURY00075), to "bodily injury" or "property damage" that arises from:  "(a)

the classifications or operations shown above; or any operations necessary or incidental to those

classifications or operations shown above; (b) the ownership, maintenance or use of the premises

shown above and operations necessary to or incidental to those premises; or (3) the projects shown

above."  (Id. at CENTURY00074.)

Ennie contends that this limitation, rather than limiting Century's obligation to provide

coverage to Ennie, actually extends coverage to any "bodily injury" or "property damage" resulting

from Ennie's operations as a distributor of nonalcoholic beverages or beer, thereby superseding the

liquor liability exclusion.  Ennie has failed to supply us with any support for this contention.  We

---

[3]Although Easter filed an Answer in opposition to Century's Motion for Summary Judgment, he did not file a separate Memorandum of Law in response to Century's Motion for Summary Judgment but joined in the response filed by Ennie.

reject Ennie's unsupported claim that the Policy's limitation of coverage to Ennie's business as a

beverage distributor, including beer, vitiates the clear and unambiguous liquor liability exclusion.

Such a result would be entirely inconsistent with the clear and specific language of that exclusion,

which "applies to all insureds regardless of whether you are in the business of manufacturing,

distributing, selling, serving or furnishing alcoholic beverages." (Id. at CENTURY00069); see State

Auto Ins. Ass'n v. Young Men's Republican Club, 663 F. Supp. 1077, 1083 (W.D. Pa. 1987)

(rejecting insured's argument that a completed operations and products hazard endorsement

abrogated a liquor liability exclusion because reading the clear language of the policy in that way

would "effectively negate not only the liquor liability exclusion before us, but any other exclusion

that purported to exclude coverage for situations that otherwise would fall within the ambit of broad

language in the coverage section of a policy, even if that exclusion appeared in the clearest

language"). We find, accordingly, that the liquor liability exclusion clearly and unambiguously

excludes any obligation on the part of Century to defend or indemnify Ennie with respect to the

claims asserted against Ennie in the Easter lawsuit.[4]

> B.     The Insurance Broker

In addition to arguing that Ennie's classification as a beverage distributor modified the Policy

to provide liquor liability coverage, Ennie also appears to argue that Century's Motion should be

denied because Ennie reasonably believed that insurance broker Tyrone Murray had purchased liquor

---

[4]Century also argues that it has no obligation to defend or indemnify Ennie with respect to
the claims asserted in the Easter Complaint because those claims are excluded by the criminal acts
and punitive damages exclusions contained in the Special Exclusions and Limitations Endorsement
of the Policy. (Pl. Ex. D at CENTURY00067.) As a result of our finding that the Liquor Liability
exclusion clearly and unambiguously excludes coverage of the claims asserted against Ennie in the
Easter lawsuit, we need not reach these arguments.

liability coverage for Ennie from Century.  Ennie states that "Century knew or should have known that the ultimate purchaser of its product would reasonably believe that Murray, the marketer and seller of Century's product, had been trained by Century and was sufficiently familiar with the product to properly represent coverages to the consumer."  (Ennie Mem. at 3.)   Although Ennie implies that Murray was Century's agent, that Murray represented to Ennie that the Policy included liquor liability coverage, and that Century should be legally bound by this representation; the record before us is devoid of any evidence supporting these suppositions.  Indeed, the record is replete with evidence that Murray was an independent insurance broker, not an authorized agent of Century (Pl. Ex. L at 15, 30, 39); that Murray never told Ennie that he was Century's authorized agent (id. at 39); and that Murray has never spoken to anyone at Century (id. at 18, Pl. Ex. N ¶ 4).  Century, in fact, is a non-admitted surplus lines carrier in Pennsylvania and, as a consequence, Ennie's commercial general liability insurance was placed with Century by USG Insurance Services.  (Pl. Ex. L at 29-31, Pl. Ex. M ¶¶ 3-5, Pl. Ex. N ¶ 3.)  Moreover, Murray has admitted that he never asked anyone at USG Insurance Services or Century to provide liquor liability insurance to Ennie.  (Pl. Ex. L at 20, 31, 33, 35, 109, 181, and 182.)  He was also clear, in his deposition, that he never suggested to Ennie that it should purchase liquor liability insurance and that he was not aware that a beer distributor might have additional risks in the area of liquor liability that would require liquor liability insurance.  (Id. at 71-72.)

Furthermore, even if Ennie could supply the evidence necessary to support its argument, we could not modify the clear and unambiguous liquor liability exclusion contained in the Policy based upon parole evidence.  Parole evidence is admissible to modify the terms of the Policy only where the court finds that those terms are ambiguous.  See Hartford Fire Ins. Co. v. WSR Corp., Civ. A. No.

99-6120, 2000 WL 974328, at *5 (E.D. Pa. July 14, 2000) ("Where an ambiguity exists, parole

evidence is admissible to explain, clarify or resolve the ambiguity." (citing <u>Hutchison v. Sunbeam</u>

<u>Coal Corporation</u>, 519 A.2d 385, 390 (Pa. 1986))); <u>see also</u> <u>Piper Aircraft Corp. v. Ins. Co. of N.</u>

<u>America</u>, 453 A.2d 732, 734 n.1 (Pa. Commw. Ct. 1982) (noting that the court may not consider

parole evidence where the insurance policy is unambiguous).  Accordingly, we find that Murray's

representations to Ennie regarding the Policy's coverage for liquor liability, whatever those

representations may have been, did not modify the terms of the Policy to create liquor liability

coverage for Ennie.

IV.     CONCLUSION

For the foregoing reasons, we conclude that Century is entitled to the entry of judgment as a

matter of law declaring that it has no obligation to defend or indemnify Ennie with respect to the

claims asserted against it in the Easter lawsuit.  Century's Motion for Summary Judgment is,

therefore, granted.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CENTURY SURETY COMPANY          :          CIVIL ACTION
                                :
            v.                  :
                                :
ENNIE, INC. d/b/a SAM'S BEER    :
DISTRIBUTOR, ET AL.             :          NO. 06-5281

O R D E R

**AND NOW**, this 6th day of July 2007, upon consideration of Plaintiff's Motion for Summary Judgment (Docket No. 21), Defendants' responses thereto, and the papers filed in connection therewith, **IT IS HEREBY ORDERED** as follows:

1.      Plaintiff's Motion for Summary Judgment is **GRANTED**.

2.      **DECLARATORY JUDGMENT** is hereby **ENTERED** in favor of Plaintiff Century Surety Company and against Defendants Ennie, Inc. d/b/a Sam's Beer Distributor and James S. Easter, Jr., individually and as the administrator of the Estate of Jessica Easter.

3.      The Court **DECLARES** that Century Surety Company Commercial Lines Policy No. CCP395158 does not obligate Plaintiff Century Surety Company to defend or indemnify Defendant Ennie, Inc. d/b/a Sam's Beer Distributor from claims brought by Defendant James S. Easter, Jr., individually and as the administrator of the Estate of Jessica Easter, in the lawsuit captioned James S. Easter, Jr., individually and as Administrator of the Estate of Jessica Lynne Easter v. Ennie, Inc. d/b/a Sam's Beer Distributor and Steven L. Meloni, filed in the Philadelphia County Court of Common Pleas, October Term, 2006 No. 003439.

BY THE COURT:

/s/ John R. Padova

John R. Padova, J.